UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND K. MURRELL, | ) | CASE NO. CV 05-04333 RZ |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| vs. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of  Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff's sole argument is that the Administrative Law Judge improperly found that his mental impairments were not "severe" within the meaning of disability law, resulting in the denial of his benefits claim at the second step of the familiar five-step process.  Because substantial evidence supports the finding and it is otherwise free of legal error, the Court will affirm.

The regulations do not define a "severe" impairment.  Instead, they state what a *non*-severe impairment is:  one that does not significantly limit physical or mental ability to do basic work activities.  20 C.F.R. § 404.1521.  The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and mental activities.  *Id.*  The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints.  *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In its internal procedures, the Social Security Administration assesses an impairment as

"non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions.   SSR 85-28.   This minimalist treatment has received the Courts' imprimatur.   *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).   Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all  –  it simply must have more than a minimal effect on his or her ability to do basic work functions.   These include understanding, carrying out and remembering simple instructions; exercise of judgment; responding appropriately to supervisors, co-workers and usual work situations; and coping with changes in a routine work setting.   *See* 20 C.F.R. § 416.921(b).

Here, the Administrative Law Judge summarized the findings of four mental health professionals who examined Plaintiff.   The fourth, upon whose opinion Plaintiff primarily (if not exclusively) relies, was the state agency psychiatrist who assessed the greatest mental-health limitations on Plaintiff's ability to work.   The Administrative Law Judge explained her partial rejection of that psychiatrist's opinion as follows:

> The Administrative Law Judge rejects the findings of moderate limitations in maintaining social functioning and in maintaining concentration, persistence or pace, as they are not supported by the evidence of record, which shows that the claimant's mental status examinations were within normal limits, he demonstrated intact memory, attention and concentration, he has a good response to medications, [and] good medication compliance with no side effects.   The claimant's GAF scores are 60 to 65, which indicate only mild difficulties in maintaining social functioning; and demonstrated only mild difficulties in maintaining concentration, persistence and pace on his mental status examinations (SSR 96-6p).

Therefore, the claimant's depressive disorder not otherwise specified is not a severe impairment . . . .

[AR 16.]

(As a preliminary matter, Defendant concedes two minor misstatements by the Administrative Law Judge. *See* Def's Mem. at 4 & n.4. First, Plaintiff's lowest recorded GAF was 55, *see* AR 412, not 60 (although Plaintiff repeatedly *was* scored at 60, *see* AR 232, 297). Second, the Administrative Law Judge incorrectly related "that a GAF score of 60 indicates mild symptoms" according to the Diagnostic and Statistical Manual-IV. Instead, according to the DSM-IV, a score of 51 to 60 indicates "moderate" symptoms, while "mild" describes the symptoms of a person scoring 61 to 70 on the GAF scale.)

In providing for judicial review of the Commissioner's decision denying disability benefits, 42 U.S.C. § 405(g) states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." Accordingly, the Commissioner's decision stands if substantial evidence supports the Administrative Law Judge's decision, and the Administrative Law Judge applied the correct legal standard. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). "Substantial evidence," a term of art traditionally used when reviewing administrative decisions, carries the traditional meaning here: "more than a mere scintilla . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id., quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must review the entire record in making its determination as to whether substantial evidence supports the Commissioner's decision. *Drouin, supra.*

Here, as the Administrative Law Judge noted, the other three mental health professionals who evaluated Plaintiff largely noted less serious shortcomings than did the state agency doctor. For example,

> [T]he claimant appeared as a new client at the Long Beach
> Mental Health Center on December 12, 2001, the same date that
> he filed his application for Disability Insurance Benefits
> ([citation to AR 374]).  The claimant alleged a depressed mood,
> mood swings and insomnia.  He is treated [there] by Samuel
> Smith, M.D., a psychiatrist.  Dr. Smith prescribed Zoloft,
> Depakote, Zyprexa and Trazodone.  The claimant exhibits a
> good response to the medications, has no side effects and
> complies with his medication regimen ([citation to AR 374-95,
> 407-19]).  At the claimant's quarterly visits, Dr. Smith has noted
> that he displays no acute signs of a psychiatric disorder ([citation
> to AR 413-16]).  The claimant makes these quarterly visits to Dr.
> Smith for medication refills only.

[AR 15.]  The Administrative Law Judge also summarized the opinions of consultative psychiatric examiners Chris H. Ho, M.D., who in March 2002 diagnosed a depressive disorder but concluded that Plaintiff was "able to make at least simple social, occupational and personal adjustments" and "able to follow simple instructions and attend to simple tasks" [AR 297]; and Nathan Lavid, M.D., who in December 2002 similarly diagnosed a depressive disorder but opined that Plaintiff could follow simple instructions and complete simple tasks.  "[H]e does not have symptoms of a major mental illness that impair his ability to tolerate the stress inherent in the work environment, maintain regular attendance, and work without supervision."  [AR 319-23, cited in opinion at AR 16.]

The "severity" of Plaintiff's condition, as framed by these four mental-health opinions, fairly might be described as borderline, but some – "more than a mere scintilla" – of that evidence reasonably supports the Administrative Law Judge's non-"severe" finding.  Dr. Lavin's report, for example, stands strongly at odds with any finding that Plaintiff's mental ailments interfered significantly with his ability to perform basic work

1  activities, such as understanding, carrying out and remembering simple instructions, coping
2  with changes in a routine work setting, exercising judgment and responding appropriately
3  to co-workers.  *See* 20 C.F.R. § 416.921(b).

4           Because substantial evidence supports the non-severe finding and the
5  underlying decision is otherwise free of any legal error cited by Plaintiff, the decision is
6  AFFIRMED.

8           DATED:   August 29, 2006

9                                        */s/ Ralph Zarefsky*
10  _____
                                RALPH ZAREFSKY
11                     UNITED STATES MAGISTRATE JUDGE